UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IDA MILDRED TURNER, | Case No. 17-12735 |
| Plaintiff, | Avern Cohn |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Stephanie Dawkins Davis<br>United States Magistrate Judge |
| Defendant.<br>_____/ | |

**REPORT AND RECOMMENDATION**
<u>**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkts. 13, 15)**</u>

**I.   PROCEDURAL HISTORY**

   A.   <u>Proceedings in this Court</u>

   On August 21, 2017, plaintiff Ida Mildred Turner filed the instant suit.  (Dkt. 1).  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Avern Cohn referred this matter to the undersigned for the purpose of reviewing the Commissioner's unfavorable decision denying plaintiff's claim for a period of disability and disability insurance benefits.  (Dkt. 3).  This matter is before the Court on cross-motions for summary judgment.  (Dkt. 13, 15).

   B.   <u>Administrative Proceedings</u>

   Plaintiff filed an application for a period of disability and disability insurance benefits on July 15, 2014, alleging disability beginning on November 30,

1

2012. (Tr. 11).[1] The claims were initially disapproved by the Commissioner on October 30, 2014. (*Id.*). Plaintiff requested a hearing and on January 19, 2016, plaintiff appeared with counsel, before Administrative Law Judge ("ALJ") Patrick J. MacLean, who considered the case *de novo*. (Tr. 11-17). In a decision dated May 27, 2016, the ALJ found that plaintiff was not disabled. The ALJ's decision became the final decision of the Commissioner when the Appeals Council, on June 21, 2017, denied plaintiff's request for review. (Tr. 1-5); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.    ALJ FINDINGS

Plaintiff, born February 9, 1951, was 61 years old on the alleged disability onset date, November 30, 2012. (Dkt. 13, at p. 3). Plaintiff is a high school graduate with a couple years of college coursework. (Tr. 29). She has past relevant work as a registration clerk. (Tr. 16). She meets the insured status requirements through December 31, 2016. (Tr. 13). The ALJ applied the five-step

---

[1] The Administrative Record appears on the docket at entry number 8. All references to the same are identified as "Tr."

disability analysis and found at step one that plaintiff engaged in substantial gainful activity from January 2013 through December 2013, but found that there has been a continuous 12 month period during which she did not engage in substantial gainful activity. (Tr. 13). At step two, the ALJ found that plaintiff's status post adhesive capsulitis – left shoulder, lymphedema – left arm, and status post breast cancer were "severe" within the meaning of the second sequential step. (*Id.*). However, at step three, the ALJ found no evidence that plaintiff's impairments singly or in combination met or medically equaled one of the listings in the regulations. (*Id.*).

Thereafter, the ALJ assessed plaintiff's residual functional capacity ("RFC") as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) with the following additional limitations: The claimant can never climb ladders, ropes, or scaffolds. She can only occasionally climb ramps and stairs. She can only occasionally stoop. The claimant can frequently crouch, kneel, and crawl. She can only occasionally reach overhead with her left upper extremity. The claimant can only occasionally handle and feel with her left hand. She must avoid even moderate exposure to hazardous moving machinery and she must avoid all exposure to unprotected heights.

(Tr. 14). At step four, the ALJ found that plaintiff was able to perform her past relevant work. (Tr. 16). At step five, the ALJ denied plaintiff benefits. (*Id.*).

3

## III. DISCUSSION

    A.    <u>Standard of Review</u>

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v.*

*McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486

F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.  Governing Law

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis set forth at 20 C.F.R. §§ 404.1520, 416.920. Essentially, the ALJ must determine whether: (1) the plaintiff is engaged in significant gainful activity; (2) the plaintiff has any severe impairment(s); (3) plaintiff's impairments alone or in combination meet or equal a Listing; (4) the claimant is able to perform past relevant work; and (5) if unable to perform past relevant work, whether there is work in the national economy that the plaintiff can perform. (*Id.*). "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding rejecting the existence of disability, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. Analysis and Conclusions

Plaintiff raises arguments for remand in a summary fashion without providing adequate legal support or factual development. She contends that the ALJ did not consider the effects of her left arm lymphedema on her ability to work. (Dkt. 13, at p. 6). For support, plaintiff points out that the ALJ found that she could handle and feel objects with her left hand. She also states that the ALJ gave the vocational expert a hypothetical question (but does not quote or characterize the question), and the expert gave inconsistent responses. Plaintiff further claims that the ALJ failed to fully develop the record regarding her lymphedema, but provides no explanation as to what evidence is missing from the record. (*Id.* at p. 5).

The Commissioner first argues that, in light of plaintiff's cursory or perfunctory argument (which consists of less than two pages of analysis and contains no citation to case law in support of her arguments), plaintiff has waived

any arguments. (Dkt. 15, at p. 3). However, the Commissioner, perhaps in an abundance of caution, substantively addresses the points raised by plaintiff.

As an initial matter, the undersigned agrees that the kind of argument plaintiff brings to the Court—issues adverted to in a perfunctory manner—are typically deemed waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (citations omitted); *see also Marko v. Comm'r of Soc. Sec.*, 2017 WL 3116246, at *3 (E.D. Mich. July 21, 2017) (citing *Jones v. Comm'r of Soc. Sec.*, 2013 WL 4748083, at *8 (N.D. Ohio Sept. 4, 2013) ("[I]t is not the Court's function to search the administrative record for evidence to support [Plaintiff's] 'argument' or find law supporting [his or] her claims. This Court does not conduct a de novo review in social security proceedings, and certainly cannot be expected to craft an argument on [Plaintiff's] behalf.")). However, in this instance, the undersigned has reviewed plaintiff's and the Commissioner's arguments and agrees with the Commissioner that there is no error requiring remand.

Plaintiff's claims appear to be aimed at arguing that the RFC does not adequately account for plaintiff's left arm lymphedema. In the view of the

undersigned, the RFC as it relates to her left arm lymphedema is supported by substantial evidence. In regard to her left arm, the ALJ limited plaintiff to occasionally reaching overhead with her left upper extremity and occasionally handling and feeling with her left hand. (Tr. 14). The ALJ discussed Dr. Vicini's treatment records. In June 2014, Dr. Vicini stated that plaintiff had complained of some swelling in her left arm, which he characterized as "minimal." (Tr. 279). He referred her for an evaluation because she wanted to be referred for prevention strategies. On August 14, 2014, after completing radiation therapy the day before, she presented again to Dr. Vicini. Dr. Vicini noted that she responded well to radiation therapy and developed the typical side effects, including "some edema." (Tr. 210). Plaintiff also saw Dr. Lerchin for a consultative examination in October 2014. (Tr. 486). Plaintiff's chief complaint at that time was neck and bilateral shoulder pain, but the left shoulder hurt more than the right. (*Id.*). On examination, Dr. Lerchin found plaintiff's strength was "5/5 throughout" and her sensation was intact to light touch, pinprick, and proprioception. (Tr. 486-87). Dr. Lerchin also noted full range of motion in both shoulders but with increased pain complaints in her shoulders (more left shoulder) with full range of motion. (Tr. 487). Dr. Lerchin did not assess any limitations for plaintiff's left arm in particular, but did limit plaintiff to lifting no more than 20 pounds. (*Id.*). The ALJ relied on Dr. Lerchin's opinion and incorporated light work, which necessarily

11

limits plaintiff to lifting 20 pounds occasionally and 10 pounds frequently, into the RFC.  (Tr. 15); 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.").

As is clear from the medical evidence relating to plaintiff's left arm discussed above, no physician opined on functional limitations due to lymphedema or suggested any specific concern or problems associated with the condition. Where there are no functional limitations in the record attributed to an impairment, an RFC without such limitations is not erroneous.  *Richard v. Astrue*, 2011 WL 4688788, at *5 (N.D. Ohio Oct. 4, 2011) (citing *Young v. Sec'y of Health and Human Servs.*, 925 F.2d 146,151 (6th Cir. 1990) ("it is well established that a diagnosis alone does not indicate the functional limitations caused by an impairment."); *Hill v. Comm'r of Soc. Sec.*, 560 Fed. Appx. 547, 551 (6th Cir. 2014) ("[D]isability is determined by the functional limitations imposed by a condition, not the mere diagnosis of it."); *Caldwell v. Berryhill*, 2017 WL 975371, at *5 (M.D. Tenn. Mar. 14, 2017) ("Indeed, the mere presence of neck pain—even if it is supported by objective testing—does not, without more, establish that Caldwell was limited by it.").  Further, plaintiff does not point to any medical evidence that establishes that her lymphedema prevents her from performing light work.  It is plaintiff's burden at this stage to come forward with evidence

establishing disability. *Cargile v. Comm'r of Soc. Sec.*, 2015 WL 2084701, at *4 (S.D. Ohio May 4, 2015) ("It is plaintiff's burden to provide evidence showing how her impairment has affected her functioning during the period of alleged disability."); *see also Despins v. Comm'r of Soc. Sec.*, 257 Fed. Appx. 923, 930 (6th Cir. 2007) ("The mere existence of ... impairments ... does not establish that [the plaintiff] was significantly limited from performing basic work activities for a continuous period of time."). For these reasons, the undersigned finds that the ALJ's RFC assessment is supported by substantial evidence including with regard to plaintiff's left arm lymphedema.

While devoid of functional limitations from a medical professional, the record does contain plaintiff's complaints of limitations she attributes to her lymphedema, which the ALJ considered (thus undermining plaintiff's contention that the ALJ did not consider her testimony).[2] (Tr. 14-15). However, the ALJ found plaintiff's complaints to be not entirely consistent with the medical evidence in the record. (Tr. 15). Plaintiff does not contest this finding. In light of the evidence on plaintiff's lymphedema, the undersigned finds no basis on which to disturb the ALJ's finding.

---

[2] The ALJ did not recite plaintiff's testimony, but "[i]t is well settled that '[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.'" *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) (citation omitted). "Nor must the ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts." *Id.*

13

Further, the fact that the ALJ may have assessed an RFC with greater limitations than the medical evidence suggests does not undermine the RFC. *Ross v. Comm'r of Soc. Sec.*, 2015 WL 1245830, at *11 (E.D. Mich. Mar. 18, 2015) ("The fact that the ALJ imposed more restrictions when assessing Ross' RFC than set forth in Dr. Mian's opinion does nothing to discount the ALJ's decision.") (citing .*Carstens v. Comm'r or Soc. Sec'y,* 2013 WL 3245224, *6 (D.P.R. June 26, 2013)).

Plaintiff also alludes to an argument that the ALJ failed to fully develop the record. In the view of the undersigned, the ALJ did not err in this regard. First, as the Commissioner points out, plaintiff did not reference any particular medical evidence not included in the record that the ALJ should have further developed. "The Court can find no authority demanding that the ALJ continue a search for records without any other indication of where to look." *Nealy v. Comm'r of Soc. Sec.*, 2016 WL 922949, at *3 (E.D. Mich. Mar. 10, 2016).

Second, while the ALJ has a heightened duty to develop the record for *pro se* claimants, *Kelly v. Apfel*, 166 F.3d 1214 (6th Cir. 1998) (table) (quoting *Lashley*, 708 F.2d at 1052); *Nabours v. Comm'r of Soc. Sec.*, 50 F. App'x 272, 275 (6th Cir. 2002) ("Only under special circumstances, i.e., when a claimant is without counsel, is not capable of presenting an effective case, and is unfamiliar with hearing procedures, does an ALJ have a special, heightened duty to develop

the record."), that duty was not triggered in this case. Here, plaintiff waived her statutory right to counsel at the hearing after being informed of the implications of waiver.³ (Tr. 23-24). And, notably, plaintiff is a high school graduate with two years of college coursework, who did not appear incapable of presenting an effective case at the hearing. (*See* Tr. 24-60, Hearing Transcript). She also did not appear to be unfamiliar with the proceedings or unable to follow the course of the proceedings. Therefore, it is dubious whether the ALJ even had a heightened duty to develop the record in this case.

Further, in *Nealy*, the court discussed a Seventh Circuit case in which the court stated that "a significant omission is usually required before this court will find that the Secretary failed to assist *pro se* claimants in developing the record fully and fairly." 2016 WL 922949, at *2 (quoting *Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1994). Indeed, whether remand is necessary for clarification of the record depends on whether the record reveals evidentiary gaps which result in unfairness or prejudice. *Starkey v. Comm'r of Soc. Sec.*, 2008 WL 8288861, at *4 (W.D. Mich. Mar. 26, 2008) (citations omitted). There is no such gap in this record. As demonstrated above, the medical evidence acknowledged swelling in her left arm due to lymphedema but no medical opinion or treatment note discussed functional limitations caused by the impairment. Further, the ALJ

---

³ Plaintiff is represented by counsel in this appeal.

15

questioned plaintiff about her left arm issues. Plaintiff testified that she was still doing exercises for her left shoulder at the time of the hearing (Tr. 49), that exercises help her lymphedema (Tr. 50), and that even though she cannot feel normally with her left hand, she can pick up small objects such as paperclips or coins with the left hand. (Tr. 52). This evidence does not raise a question as to whether there is evidence missing in the record on her lymphedema. With no apparent evidentiary gap in the record, the ALJ did not have a duty to seek out more information.

Regarding plaintiff's mention of the ALJ's hypothetical question to the vocational expert ("VE") and the VE's responses, the undersigned finds no error. As discussed above, there is no error in the assessed RFC. Because the hypothetical question to the vocational expert on which the ALJ relied (hypothetical one, at Tr. 55-56) restates the RFC, and because, as discussed above, the RFC accurately portrays plaintiff's limitations, there is no error at Step Five. (Tr. 16, 52-53). *See Hatton v. Comm'r of Soc. Sec.*, 2018 WL 1278916, at *8 (E.D. Mich. Feb. 14, 2018), *report and recommendation adopted*, 2018 WL 1254948 (E.D. Mich. Mar. 12, 2018) (Where the hypothetical question to the vocational expert restated the RFC and the RFC accurately portrayed the plaintiff's limitations, there was no error at Step Five.); *Sellers v. Berryhill*, 2018 WL 989563, at *6 (E.D. Tenn. Jan. 22, 2018), *report and recommendation adopted*,

2018 WL 988084 (E.D. Tenn. Feb. 20, 2018) ("Having found that substantial evidence supports the ALJ's RFC determination, the Court finds the hypothetical question posed to the vocational expert, and the ALJ's reliance on the vocational expert's response, was appropriate and constitutes substantial evidence at step five that other jobs exist in the national economy that the Plaintiff can perform.").

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, and that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of*

*Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 31, 2018              s/Stephanie Dawkins Davis
                                   Stephanie Dawkins Davis
                                   United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 31, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification all counsel of record.

                                   s/Tammy Hallwood
                                   Case Manager
                                   (810) 341-7850
                                   tammy_hallwood@mied.uscourts.gov